UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SHAW,<br><br>          Plaintiff,<br><br>v.<br><br>RUSSELL DEPHILLIPS, an individual; and DOES 1-20, inclusive,<br><br>          Defendants. | Case No.: 20-cv-02528-AJB-KSC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S JANUARY 27, 2022 ORDER**<br><br>**(Doc. No. 89)** |

  Presently before the Court is Plaintiff Norman Shaw's ("Shaw") objection to Magistrate Judge Karen S. Crawford's order granting in part and denying in part Defendant Russell DePhillips' ("Defendant") motion for sanctions. (Doc. No. 89.) Pursuant to Local Civil Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers submitted and without oral argument. For the reasons set forth below, the Court **OVERRULES** Shaw's objection.

**I. BACKGROUND**

  On January 27, 2022, Magistrate Judge Karen S. Crawford issued an order ("Order") granting sanctions on the basis "that plaintiff recklessly interfered with discovery for an improper purpose," and denying Defendant's request for sanctions on the basis of "suborning perjury." (Doc. No. 80.) The Order required Shaw to remit payment to Defendant for attorneys' fees in the amount of $3,300.00, and for court reporter and

videographer costs in the amount of $1,142.40, totaling $4,442.40. (*Id.* at 10.) Shaw was required to remit payment to Defendant's counsel no later than close of business on February 10, 2022. (*Id.*) The Order followed Magistrate Judge Crawford's finding that non-parties Robert Haig ("Haig") and Donna Johnson ("Johnson") failed to appear at their depositions and to produce relevant documents in compliance with lawfully issued subpoenas due to Shaw's reckless interference with discovery for an improper purpose. (*Id.* at 7.) The instant objection follows. (Doc. No. 89.)

## II. LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

"Non-dispositive matters include 'evidentiary rulings, pretrial discovery matters, and the imposition of sanctions for discovery abuses.'" *Estakhrian v. Obenstine*, No. CV 11-03480 GAC(CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D. N.J. 2008)); *see also F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters."). There is no doubt that the dispute currently before the Court involves a pretrial-discovery matter because it is based on the imposition of sanctions for discovery abuses. *See* Fed. R. Civ. P. 72(a).

## III. DISCUSSION

Shaw asserts he did not recklessly interfere with discovery for an improper purpose because he did not cause Haig and Johnson to fail to appear at their depositions or fail to produce documents. (Doc. No. 89 at 6.) Shaw further argues the "deposition[s] did not take place because Haig objected to being deposed until a protective order was in place . . . and Johnson objected to being deposed until she was off pain medication." (*Id.*) Between improper and unprofessional complaints of Defendant and the Magistrate Judge, Shaw goes on to state he had no influence over Haig' request for a protective order or over Johnson's medical condition or pain medication. (*Id.* at 7.) Ultimately, Shaw asserts the delays in discovery have been "a result of DePhillips [sic] motion practice" and that he "did not impede discovery." (*Id.*)

Because the challenge to the magistrate judge's finding involves a discretionary decision made in connection with a non-dispositive pretrial discovery matter, the clearly-erroneous standard applies. *See Fid. & Deposit Co. of Md.*, 196 F.R.D. at 378. Upon reviewing the relevant documents—including Shaw's motion and the Magistrate Judge's January 27, 2022 Order—and taking into account that the clearly-erroneous standard is "significantly deferential," the Court cannot reach a "definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prods. of Cal.*, 508 U.S. at 623.

There is nothing before the Court meeting the clearly-erroneous standard that demonstrates the Magistrate Judge did not thoroughly consider Shaw's involvement in the delays to discovery. While Shaw may not have been the cause of Haig's desire for a protective order or Johnson's pain medication, the record is clear that Shaw improperly influenced both nonparties' failure to comply with Defendant's subpoenas. (*See* Doc. No. 57 at 16:6–17:15, 21:3–12, 41:15–42:12; 44:8–45:1.) The Court does not find Shaw has made a good cause showing that he did not impede discovery for an improper purpose or that the Magistrate Judge's Order was clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A). Rather, the Court echoes the Magistrate Judge's concerns of Shaw's litigation tactics. As such, Shaw must remit payment of $4,442.40 to Defendant's counsel

3

by personal delivery or certified mail no later than close of business on **February 14, 2022**. The Court further admonishes Shaw that continued noncompliance with the sanctions order will beg the question of whether contempt proceedings should be initiated.

## IV.   CONCLUSION

Based on the foregoing, the Court **OVERRULES** Shaw's objection to Magistrate Judge Karen S. Crawford's January 27, 2022 Order.

**IT IS SO ORDERED.**

Dated: February 11, 2022

Hon. Anthony J. Battaglia
United States District Judge